IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02074-CYC

CHADWICK JORDAN,

    Plaintiff,

v.

DEPUTY REID,
CHIEF GILLESPIE,
SGT. BROWN, and
DEPUTY NEWMAN,

    Defendants.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on the Motion for Default Judgment. ECF No. 24. In the motion, the plaintiff asks the Court to enter a default judgment against the defendants. *See generally* ECF No. 24. It is hereby ORDERED that the motion, ECF No. 24, is **DENIED** for the reasons discussed below.

    First, pursuant to Fed. R. Civ. P. 55, a party seeking a default judgment "must follow the two-step process described in Rule 55: [F]irst, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Schmidt v. Suschinsky*, No. 23-cv-01934-NYW-MDB, 2025 WL 50289, *1 (D. Colo. Jan. 8, 2025) (internal quotations marks and citation omitted) (modification in original). The plaintiff has not sought an entry of default from the Clerk of the Court.

Second, on December 17, 2024, the Court emailed the Amended Prisoner Complaint and Waiver to the Denver County Attorney's Office, ECF No. 21. If the defendants choose to waive service of process, the sixty-day deadline for them to reply to the complaint has not yet expired. Fed. R. Civ. P. 4(d)(3).

Finally, to the extent the plaintiff's motion is premised on the lack of answer to his complaint alone, pursuant to the Prison Litigation Reform Act, defendants have the option to waive their right to reply to a prisoner's lawsuit:

> (g) Waiver or reply
>
> > (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
> >
> > (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g). Accordingly, courts have held that "prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply." *Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009) (collecting cases), though others have held that this bar of relief "applies only when a defendant has" appeared and positively "waived his right to file a responsive pleading." *Graham v. M.C.C.F.*, No. 3:19CV116-GHD-JMV, 2021 WL 1030182, at *3 (N.D. Miss. Mar. 17, 2021). While on December 17, 2024, the Court emailed the Amended Prisoner Complaint and Waiver to the Denver County Attorney's Office, ECF No. 21, it did not order the defendants to reply to the complaint or set any deadline for doing so. *Feaster v. Chambers-Smith*, No. 1:22-cv-313, 2023 WL 7413002, at *2 (N.D. Ohio May 2, 2023).

Accordingly, 42 U.S.C. § 1997e(g)(1), may provide another reason that the Court cannot enter a default judgment against the defendants and in favor of the plaintiff at this time.

Nevertheless, because the requirements of Fed. R. Civ. P. 55 require the Court to deny the plaintiff's motion, the Court need not hold at this point that 42 U.S.C. § 1997e(g)(1) prevents the awarding of default judgment. Rule 55 alone suffices to deny the plaintiff's motion and, accordingly, the Court does so.

SO ORDERED this 28th day of January, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge