IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02074-CNS-CYC

CHADWICK JORDAN,

     Plaintiff,

v.

DEPUTY REID,

     Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's two identically-titled motions requesting the appointment of counsel in this matter, Prisoner Motion Requesting Appointment of Counsel, ECF No. 80, and Prisoner Motion Requesting Appointment of Counsel, ECF No. 81. Oral argument will not materially assist in the resolution of this matter and the motions are appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Nonetheless, for the reasons that follow, the motions are **DENIED without prejudice**.

## ANALYSIS

The plaintiff initiated this case on July 22, 2024. ECF No. 1. After dismissal of certain defendants and claims, only one claim against the above-named defendant remains. ECF No. 58 (accepting and adopting the Order and Recommendation of United States Magistrate Judge, ECF No. 56). The parties are presently engaged in discovery. ECF No. 63; ECF No. 79.

The plaintiff filed back-to-back motions for the appointment of counsel. ECF No. 80; ECF No. 81. The only differences between them are that the first motion contains more substantive argument as to why pro bono counsel should be granted in this case under the factors enumerated by D.C.COLO.LAttyR 15(f)(1)(B), ECF No. 80 at 2–3, and that the motions reference the plaintiff's intended depositions of two different individuals. ECF No. 80 at 3 (referencing Deputy Reid's deposition); ECF No. 81 at 2 (referencing Alan Traxler's deposition). The shared basis of these motions is that the plaintiff would like counsel appointed to handle the depositions and represent him at trial. The Court finds that the plaintiff's motion is premature.

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating those factors and including fourth factor: "the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel"). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the

2

court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393

F.3d at 1115.

At this stage, the plaintiff's asserted reason for appointment falls short of carrying that

burden. To this point, among other litigation activities, the plaintiff has competently navigated

filing and amending his complaint in accordance with court instructions, responding to a motion

to dismiss, and propounding and responding to discovery—all without the assistance of counsel.

Furthermore, the plaintiff states that he would benefit from appointed counsel because he is "not

allowed" to set depositions or conduct them verbally from prison, ECF No. 80 at 2, but in fact,

the Court specifically provided that he "may depose the defendant by video conference[.]" ECF

No. 79. This argument is therefore inapt.

To be sure, "having counsel appointed would . . . assist[] [the plaintiff] in presenting his

strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. Indeed,

a person's financial status does not guarantee the right to counsel in civil cases. *Jones v. Pizza

Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010

("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to

appointed counsel."); *Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994)

("There is no constitutional right to counsel simply because a litigant is indigent."). And while

there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual

subject matter of the plaintiff's amended complaint—which asserts that the defendant acted with

deliberate indifference by falsely accusing the plaintiff of intentional indecent exposure in front

of other inmates—is not among the most complex that find their way into federal court.

In sum, this case is not overly complex, the plaintiff has competently navigated the

litigation to this stage, and although the case is now in discovery, it is yet unclear how

meritorious the plaintiff's remaining claim is. In addition, the plaintiff fails to articulate specific factors that warrant the appointment of counsel in his particular circumstances. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness."). As such, the plaintiff's request for pro bono counsel is premature. *See Vora v. C4 Therapeutics, Inc*., No. 22-cv-00640-RMR-NYW, 2022 WL 20622169, at *2 (D. Colo. Apr. 1, 2022). Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

### CONCLUSION

For the foregoing reasons, the plaintiff's Prisoner Motion Requesting Appointment of Counsel, ECF No. 80, and Prisoner Motion Requesting Appointment of Counsel, ECF No. 81, are **DENIED without prejudice**.

Entered and dated this 24th day of July, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

4